## SOLOMON v. SOUTHERN BELL TEL. CO.

Circuit Court, Dade County.
January 7, 1952.

———•———

Jack Kehoe, Miami, for plaintiff.

John H. Wahl, Jr., Miami, for defendant.

STANLEY MILLEDGE, Circuit Judge.

This cause was heard on defendant's motion to dismiss incorporated in its answer to plaintiff's amended complaint.

The sole specific relief prayed for in the original and amended complaints was for the entry of an order enjoining and restraining defendant from discontinuing telephone service being rendered plaintiff as of the date the original complaint was filed. By an order dated December 4, 1951 such application was denied on the ground there was no showing made that in discontinuing plaintiff's telephone service under the circumstances related in the complaint defendant would be acting without reasonable or probable cause. Shortly thereafter defendant discontinued plaintiff's telephone service, as it had been directed to do by the Attorney General under the provisions of section 365.08 F. S. A.

In addition to the specific relief prayed for in the original and amended complaints, i. e., an injunction against discontinuance of plaintiff's telephone service, there was a general prayer for such other and further relief as plaintiff might be entitled to have and receive in the premises. The sole predicate of the prayers for relief — both specific and general — was the assertion that plaintiff was without remedy in the premises save in a court of equity.

Section 365.08 requires a telephone company to discontinue telephone service to a subscriber — "whenever any such utility is notified in writing by any state or federal law enforcement officer acting within his apparent jurisdiction, either directly or through the Railroad & Public Utilities Commission, that certain telephone or telegraph facilities, or any part thereof, are being used or have been used in violation of any federal

law or the laws of the state of Florida." Such a notice in writing was given the defendant telephone company in this case by the Attorney General as evidenced by factual recitals in the complaint.

Section 365.08 further provides that when telephone facilities have been disconnected and service thereover discontinued upon notice in writing of a law enforcement officer— "any person aggrieved by the action of the utility shall be entitled to present the matter to the commission for its review and determination. If, after consideration, the commission determines that said party is entitled to said facilities and service, and that the same will not be used in the future for unlawful purposes, then and in that event the commission may authorize the utility to provide said facilities and service."

Inasmuch as the specific relief prayed for was denied upon the application for a temporary injunction, it is clear that the plaintiff has a remedy in the premises by which to obtain general relief, which relief in this case necessarily would be confined to a reinstatement of his telephone service. He has the statutory right to apply for and be accorded a hearing by the Railroad & Public Utilities Commission on the question whether or not and under what circumstances such relief may be obtained.

The court is of the opinion that when it vested authority in the commission to make such determinations the legislature acted wisely from a practical standpoint[1] — and with the legal effect, in such a case as is made by the pleadings here, of vesting in the commission *exclusive* jurisdiction over the subject matter.[2] Dade County Newsdealers Supply Co. v. Southern Bell Tel. & Tel. Co. (Fla.), 48 So. 2d 89; Southern Bell Tel. & Tel. Co., et al. v. State ex rel. Transradio Press Service, Inc. (Fla.), 53 So. 2d 863.

It is therefore ordered and decreed that defendant's motion to dismiss the complaint be and the same hereby is granted, and that plaintiff's original and amended complaints be and the same hereby are dismissed.

---

1 The personnel and attaches of such commission are directly concerned with problems arising out of the regulation of public utilities and are presumably experts on the subject.

2 If the complaint here had alleged a capricious or malicious exercise or abuse of authority by a law enforcement officer, this case might fall within the exeception referred to in the Dade County Newsdealers case, supra.